NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1008

IN THE MATTER OF R.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The respondent, R.B.,[1] appeals from a ninety-day commitment order for treatment of a "substance use disorder" pursuant to G. L. c. 123, § 35.  R.B. argues that (1) the judge did not make a specific finding that the hearsay statements introduced at the hearing were reliable; and (2) there was no evidence that R.B.'s alleged substance use disorder created an imminent likelihood of serious harm to R.B. or another.  Because we agree that there was no evidence of a causal nexus between R.B.'s alleged substance use disorder and the likelihood of harm, we conclude that the commitment order must be vacated.

Background.  A judge of the District Court held an evidentiary hearing on a petition for involuntary commitment filed by R.B.'s parents on March 14, 2024.  The sole witness at

_____

[1] We use the respondent's initials to protect his identity.

the commitment hearing was Elizabeth Bienz, LICSW (Bienz), a court-appointed social worker.  Prior to the hearing, Bienz interviewed R.B., R.B.'s parents, and State police trooper Trot, and provided an opinion that R.B. should be committed pursuant to G. L. c. 123, § 35.  Bienz's testimony was uncontested.  The judge completed a form that tracks the statutory requirements without making specific written or oral findings.

Bienz testified that at the end of February 2024, R.B. voluntarily admitted himself to Swift River, a substance abuse rehabilitation facility, where he remained until he checked himself out on March 8 prior to discharge.  The following day, R.B. voluntarily admitted himself to RCA, another rehabilitation facility, but remained only for twenty-four hours because his girlfriend was also being treated there and they were not supposed to be together.  Around that date, R.B. and his father had a physical altercation.  The father alleged that R.B. threatened to commit "suicide by cop" and wrestled a BB gun away from him.  R.B. denied any suicidal ideation or threats.

R.B. acknowledged that five days prior to the hearing, he consumed one line of cocaine.  However, he maintained that he had not used opioids after he entered Swift River.  His mother found foil and ashes in her car and foil, butane, and a glass pipe in R.B.'s room during the week leading up to the hearing.

2

Based on these circumstances, Bienz opined that R.B. had been using opioids prior to the hearing.

On March 13, the day before the hearing, police attempted to arrest R.B., pursuant to a warrant issued in connection with the § 35 petition. R.B. barricaded himself in his room for two hours. While in the home, police removed a black powder gun. R.B. eventually agreed to comply with the warrant and attend the § 35 hearing on the condition that he be permitted to spend the night at home, and that the police would pick him up the following morning and transport him to the hearing. The police agreed.

Based on the evidence presented at the hearing, the judge issued an order involuntarily committing R.B. to a recovery from addiction program pursuant to G. L. c. 123, § 35, for a period not to exceed ninety days. R.B. was released on April 29, 2024.[2] R.B. filed a timely notice of appeal with the Appellate Division of the District Court, which affirmed the § 35 commitment order. R.B. timely appealed the Appellate Division's decision.

Discussion. 1. Standard of review. On review, "we accept the findings of fact made by the hearing judge unless clearly

---

[2] "Because individuals committed under G. L. c. 123, § 35, have a personal stake in litigating a wrongful commitment, even after release from confinement, . . . appeals from orders of commitment pursuant to G. L. c. 123, § 35, are not moot." Matter of a Minor, 484 Mass. 295, 299 (2020).

3

erroneous." Matter of J.P., 486 Mass. 117, 121 (2020). In reviewing the sufficiency of the evidence, "we review without deference whether the legal standard for civil commitment was met." Id.

2. Nexus between substance use disorder and risk of harm. Under G. L. c. 123, § 35, a person may be involuntarily committed for treatment by petition from a "police officer, physician, spouse, blood relative, guardian or court official." G. L. c. 123, § 35. To issue an order for commitment based on substance use, a judge must find, by clear and convincing evidence, that (1) the individual has a substance use disorder; and (2) "there is a likelihood of serious harm as a result" of the substance use disorder. G. L. c. 123, § 35. See Matter of a Minor, 484 Mass. 295, 296 (2020). General Laws c. 123, § 1, defines "likelihood of serious harm" in three alternate ways:

> "(1) a substantial risk of physical harm to the person himself as manifested by evidence of, threats of, or attempts at, suicide or serious bodily harm; (2) a substantial risk of physical harm to other persons as manifested by evidence of homicidal or other violent behavior or evidence that others are placed in reasonable fear of violent behavior and serious physical harm to them; or (3) a very substantial risk of physical impairment or injury to the person himself as manifested by evidence that such person's judgment is so affected that he is unable to protect himself in the community and that reasonable provision for his protection is not available in the community."

G. L. c. 123, § 1.

4

Furthermore, a judge must find, by clear and convincing evidence, that the risk of harm is imminent.  See Matter of A.M., 94 Mass. App. Ct. 399, 402 (2018).  Finally, the judge must find a causal "nexus between the harm and [an] underlying substance or alcohol use disorder."  Matter of a Minor, 484 Mass. at 307.

Here, the trial judge found that R.B. posed an imminent substantial risk of physical harm to himself and a very serious risk of physical impairment or injury to himself that would render him unable to protect himself.  In support of this finding, Bienz testified that R.B. threatened to commit suicide by brandishing a BB gun at police officers four days prior to the commitment hearing, though R.B. "denied ever making suicidal statements or attempts, or contemplating suicide in any way, present or past."  Bienz testified that R.B. locked himself in his room when police came to arrest him, and during that time they recovered a black powder gun from the home.

Assuming without deciding that this evidence established by clear and convincing evidence an adequate risk of harm, there was no evidence of a causal nexus between this risk of harm and R.B.'s substance use disorder.  Specifically, there was no evidence that R.B. was using substances at the time of the alleged suicide threat, nor that his history of substance use caused him to make the threat.  Furthermore, there was no

5

evidence that R.B.'s comments about suicide stemmed from his alleged substance use disorder.  There was no evidence that R.B. was using substances when he barricaded himself in his room, nor that substance use influenced his actions.  Finally, there was no evidence that R.B. ever used or threatened to use the black powder gun, nor any firearm, while using substances.  Therefore, the evidence did not support a finding that any of the possible risks of harm were caused by R.B.'s alleged substance use disorder.  See Matter of a Minor, 484 Mass. at 302, 305-306 (holding possibility of link between delinquent behavior and substance use insufficient to establish causal nexus).[3]

Conclusion.  Because we cannot conclude that the evidence here justified R.B.'s involuntary commitment under § 35, the decision and order of the Appellate Division is reversed.  The matter is remanded for entry of an order that the commitment order be vacated and that the finding of a substance use

---

[3] Given our decision, we need not address R.B.'s remaining claims.

6

disorder creating an imminent and very substantial risk of harm be set aside.

So ordered.

By the Court (Vuono, Henry & Wood, JJ.[4]),

Clerk

Entered:   July 30, 2025.

---

[4] The panelists are listed in order of seniority.